NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
GLENN R. COFFMAN, SBN 305669
glenn.coffman@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone:  (213) 622-9100
Facsimile:   (800) 622-9145

MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
**BALBOA CAPITAL CORPORATION**
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANTE PLASTIC SURGERY & AESTHETICS, LLC, a Virginia Limited Liability Company; STEVEN MONTANTE, an individual; SHELLY MONTANTE, an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A/ BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT NO. 1**<br><br>**2. BREACH OF PERSONAL GUARANTY NO. 1**<br><br>**3. BREACH OF EQUIPMENT FINANCING AGREEMENT NO. 2**<br><br>**4. BREACH OF PERSONAL GURANTY NO. 2** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital Corporation, ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital Corporation as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2. Defendant Montante Plastic Surgery & Aesthetics, LLC ("Montante") is, and at all times relevant to this action was, a Virginia limited liability company with its principal place of business in the City of Richmond, State of Virginia.

3. Defendant Steven Montante ("Steven"), an individual, is and at all times relevant to this action was, a resident of the City of Richmond, State of Virginia, and was an officer, director, shareholder, agent and/or owner of Defendant Montante.

4. Defendant Shelly Montante ("Shelly"), an individual, is and at all times relevant to this action was, a resident of the City of Richmond, State of Virginia, and was an officer, director, shareholder, agent and/or owner of Defendant Montante.

5. Plaintiff is informed and believes, and thereon alleges, that all Defendants, including any members or shareholders of any defendant entities, are all located outside of California.

6. Plaintiff is informed and believes, and thereon alleges, that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and

believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

7. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code section 1801, *et seq.* (Unruh Retail Installment Sales Act), and/or California Civil Code section 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

8. Pursuant to the Equipment Financing Agreements and Guaranties described herein below, defendant Montante and defendants Steven and Shelly agreed that the documents would be governed by the laws of the State of California. In addition, the Equipment Financing Agreements provides, in pertinent part, as follows:

> **General.** This Agreement will be governed and construed under the laws of the State of California without reference to its principle of conflicts of laws and is deemed to have been made and performed in Orange County, CA. You submit to the exclusive and mandatory jurisdiction of CA and agree that CA state courts and/or the United States District Court for the Central District of California, Santa Ana Division, will have exclusive and mandatory jurisdiction over any action or proceeding to enforce this Agreement or any action or proceeding arising out of this Agreement.

9. Jurisdiction. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

10. Venue. The venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

## FIRST CAUSE OF ACTION
### (Breach of Equipment Financing Agreement No. 1)
### (Against Montante)

11. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

12. Prior to March 2021, Balboa is informed and believes that Montante initiated and engaged with Invasic Inc. - FP, located at 17 Hughes Irvine, CA 92618 ("Equipment Vendor No. 1"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as "Collateral No. 1") for its business. Equipment Vendor No. 1 worked with Montante in the selection of Collateral No. 1 and in coordinating its delivery.

13. Thereafter, Balboa is informed and believes, and therefore alleges, that Equipment Vendor No. 1 initiated and coordinated submission of Defendant's electronic credit application to Balboa and other financial institutions. Upon review, Montante concluded that Balboa offered agreeable terms to finance Collateral No. 1 commensurate with its requirements. Thereafter, Equipment Vendor No. 1 accumulated and submitted to Balboa the requisite signatories, documentation, and financial information from Defendant to finance Collateral No. 1 being supplied by Equipment Vendor No. 1.

14. On or about March 30, 2021, Montante executed a certain written Equipment Financing Agreement No. 355015-000 ("EFA No. 1"), under the terms of which Balboa loaned to Montante the principal sum of Seventy-Eight Thousand Four Hundred Forty Dollars and Zero Cents ($78,440.00), in order to finance Collateral No. 1 for its business. EFA No. 1 required Montante to make six (6) monthly payments of $99.00, and sixty (60) monthly payments of $1,739.14, payable on the 29th day of each month, beginning May 29, 2021. A true and correct copy of EFA No. 1 is attached as **Exhibit A** and is incorporated here by reference.

15. The last payment received by Balboa was credited toward the monthly payment due for October 29, 2023. Therefore, on or about November 29, 2023, Montante breached EFA No. 1 by failing to make the monthly payment due on that date. Defendant Montante's failure to make timely payments is a default under the terms of EFA No. 1.

16. In accordance with EFA No. 1, and as a proximate result of Montante's default thereunder, Balboa declared the entire balance of the payments under EFA No. 1 to be immediately due and payable to Balboa. Therefore, there became due the sum of $60,869.90. This amount is exclusive of interest, attorneys' fees and costs, no portion of which has been paid by Montante.

17. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of EFA No. 1, except as excused or prevented by the conduct of Montante.

18. In addition, the terms of EFA No. 1 provide that Montante is liable to Balboa for late charges on all payments not made in a timely manner. As of the date of the filing of Balboa's Complaint, late charges in the sum of $313.05 are now due and owing.

19. As a proximate result of Montante's breach of EFA No. 1, Balboa has been damaged in the total sum of $61,182.95, plus prejudgment interest from November 29, 2023, until the entry of judgment herein.

20. Further, under the terms of EFA No. 1, Montante promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA No. 1. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Montante.

21. EFA No. 1 also provides Balboa the remedy of possession of Collateral No. 1 and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral No. 1 and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of Collateral No. 1.

COMPLAINT

## SECOND CAUSE OF ACTION

### (Breach of Guaranty No. 1)

### (Against Steven and Shelly)

22. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

23. Concurrent with the execution of EFA No. 1 and in order to induce Balboa to enter into EFA No. 1 with Montante, Steven and Shelly guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of EFA No. 1. A true and correct copy of the written Personal Guaranty signed by Steven and Shelly ("Guaranty No. 1") is attached as **Exhibit A (page 1)** and incorporated herein by reference.

24. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of Guaranty No. 1, except as excused or prevented by the conduct of Steven and Shelly.

25. Following a default of Montante under the terms of EFA No. 1, Balboa demanded Steven and Shelly make the payments required under EFA No. 1. Steven and Shelly failed to meet Guaranty No. 1 obligations and make the payments required under EFA No. 1.

26. Pursuant to the terms of Guaranty No. 1, the sum of $61,182.95, plus prejudgment interest from November 29, 2023, is due and payable to Balboa from Steven and Shelly. This Complaint, in addition to previous demands, shall constitute further demand upon Steven and Shelly to pay the entire indebtedness due and owing from Montante to Balboa under the terms of EFA No. 1.

27. Under the terms of the Guaranty, Steven and Shelly promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA No. 1 and Guaranty No. 1. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs, as against Steven and Shelly.

## THIRD CAUSE OF ACTION

### (Breach of Equipment Financing Agreement No. 2)

### (Against Montante)

28. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

29. Prior to March 2021, Balboa is informed and believes that Montante initiated and engaged with Cartessa Aesthetics, LLC-FP, located at 175 Broadhollow Road, Melville, NY 11747 ("Equipment Vendor No. 2"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as "Collateral No. 2") for its business. Equipment Vendor No. 2 worked with Montante in the selection of Collateral No. 2 and in coordinating its delivery.

30. Thereafter, Balboa is informed and believes, and therefore alleges, that Equipment Vendor No. 2 initiated and coordinated submission of Defendant's electronic credit application to Balboa and other financial institutions. Upon review, Montante concluded that Balboa offered agreeable terms to finance Collateral No. 2 commensurate with its requirements. Thereafter, Equipment Vendor No. 2 accumulated and submitted to Balboa the requisite signatories, documentation, and financial information from Defendant to finance Collateral No. 2 being supplied by Equipment Vendor No. 2.

31. On or about March 31, 2021, Montante executed a certain written Equipment Financing Agreement No. 355015-001 ("EFA No. 2"), under the terms of which Balboa loaned to Montante the principal sum of Sixty-Four Thousand Two Hundred Dollars and Zero Cents ($64,200.00), in order to finance Collateral No. 2 for its business. EFA No. 2 required Montante to make six monthly payments of $99.00, and sixty (60) monthly payments of $1,421.22, payable on the 14th day of each month, beginning June 14, 2021. A true and correct copy of EFA No. 2 is attached as **Exhibit B** and is incorporated here by reference.

32. The last payment received by Balboa was credited toward the monthly payment due for November 14, 2023. Therefore, on or about December 14, 2023, Montante breached EFA No. 2 by failing to make the monthly payment due on that date. Defendant Montante's failure to make timely payments is a default under the terms of EFA No. 2.

33. In accordance with EFA No. 2, and as a proximate result of Montante's default thereunder, Balboa declared the entire balance of the payments under EFA No. 2 to be immediately due and payable to Balboa. Therefore, there became due the sum of $49,742.70. This amount is exclusive of interest, attorneys' fees and costs, no portion of which has been paid by Montante.

34. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of EFA No. 2, except as excused or prevented by the conduct of Montante.

35. In addition, the terms of EFA No. 2 provide that Montante is liable to Balboa for late charges on all payments not made in a timely manner. As of the date of the filing of Balboa's Complaint, late charges in the sum of $255.82 are now due and owing.

36. As a proximate result of Montante's breach of EFA No. 2, Balboa has been damaged in the total sum of $49,998.52, plus prejudgment interest from December 14, 2023, until the entry of judgment herein.

37. Further, under the terms of EFA No. 2, Montante promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA No. 2. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Montante.

38. EFA No. 2 also provides Balboa the remedy of possession of Collateral No. 2 and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral No. 2 and apply the net proceeds

from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of Collateral No. 2.

### FOURTH CAUSE OF ACTION

**(Breach of Guaranty No. 2)**

**(Against Steven and Shelly)**

39. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

40. Concurrent with the execution of EFA No. 2, and in order to induce Balboa to enter into EFA No. 2 with Montante, Steven and Shelly guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of EFA No. 2. A true and correct copy of the written Personal Guaranty signed by Steven and Shelly ("Guaranty No. 2") is attached as **Exhibit B** (page 1) and incorporated herein by reference.

41. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of Guaranty No. 2, except as excused or prevented by the conduct of Steven and Shelly.

42. Following a default of Montante under the terms of EFA No. 2, Balboa demanded Steven and Shelly make the payments required under EFA No. 2. Steven and Shelly failed to meet Guaranty No. 2 obligations and make the payments required under EFA No. 2.

43. Pursuant to the terms of Guaranty No. 2, the sum of $49,998.52, plus prejudgment interest from December 14, 2023, is due and payable to Balboa from Steven and Shelly. This Complaint, in addition to previous demands, shall constitute further demand upon Steven and Shelly to pay the entire indebtedness due and owing from Montante to Balboa under the terms of EFA No. 2.

44. Under the terms of Guaranty No. 2, Steven and Shelly promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA No. 2 and Guaranty No. 2. Therefore, Balboa requests the

Court award Balboa its reasonable attorneys' fees and costs, as against Steven and Shelly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Balboa prays for judgment against Defendants, and each of them, as follows:

**On the First and Second Causes of Action:**

1. The principal sum $61,182.95;
2. Prejudgment interest from November 29, 2023 to the date of entry of judgment;
3. Late charges and non-sufficient charges in an amount to be proven at trial;
4. An order to recover possession of Collateral No. 1, which is the subject of EFA No. 1, or if Collateral No. 1 cannot be delivered, for its reasonable value according to proof;
5. Reasonable attorneys' fees and costs;
6. Costs of suit as provided by law;

**On the Third and Fourth Causes of Action:**

1. The principal sum $49,998.52;
2. Prejudgment interest from December 14, 2023 to the date of entry of judgment;
3. Late charges and non-sufficient charges in an amount to be proven at trial;
4. An order to recover possession of Collateral No. 2, which is the subject of EFA No. 2, or if Collateral No. 2 cannot be delivered, for its reasonable value according to proof;
5. Reasonable attorneys' fees and costs;

//
//

6.   Costs of suit as provided by law;

DATED:  January 16, 2024               SALISIAN | LEE LLP

By: _____
Neal S. Salisian
Glenn R. Coffman
Jared T. Densen

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION