UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00095-JVS-KES | Date | May 17, 2024 |
| Title | Ameris Bank v. Montante Plastic Surgery & Aesthetics, LLC et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings: **[IN CHAMBERS] Order Regarding Application for Default Judgment [20]**

Before the Court is Plaintiff Ameris Bank's (doing business as Balboa Capital) ("Balboa") Application for Default Judgment against Defendants Montante Plastic Surgery and Aesthetics, LLC ("Montante"), Steven Montante ("Steven"), and Shelly Montante ("Shelly") (collectively, "Defendants"). (Appl., Dkt. No. 20.)

For the following reasons, the Court **GRANTS** the Application for Default Judgment.

## I. BACKGROUND

The following factual allegations are taken from the Complaint.

Sometime before March 2021, Montante engaged equipment vendors to acquire two business loans to acquire equipment ("Collateral 1" and "Collateral 2"). (Compl. ¶¶ 12, 29, Dkt. No. 1.) The equipment vendors submitted Montante's loan applications to Balboa, and later submitted "the requisite signatories, documentation, and financial information" to obtain the loans. (Id. ¶¶ 13, 30.)

    A.    Agreement 1

On or about March 30, 2021, Montante executed Equipment Finance Agreement No. 355015-000 ("Agreement 1"). (Id. ¶ 14.) Agreement 1 set forth a loan from Balboa to Montante of $78,440.00 to finance Collateral 1, with Montante to make "six (6)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-00095-JVS-KES                              Date  May 17, 2024

Title  <u>Ameris Bank v. Montante Plastic Surgery & Aesthetics, LLC et al.</u>

monthly payments of $99.00, and sixty (60) monthly payments of $1,739.14, payable on the 29th day of each month, beginning May 29, 2021." (<u>Id.</u>) Concurrently with Agreement 1, Steven and Shelly signed a Personal Guaranty ("Guaranty 1"), which included their personal guarantee of the terms of Agreement 1. (<u>Id.</u> ¶ 23.)

The last payment Balboa received from Montante for Agreement 1 was credited toward the payment due on October 29, 2023. (<u>Id.</u> ¶ 15.) Agreement 1 states that default occurs when Defendants "fail to pay any amount under this Agreement when due." (Compl., Ex. A, Agreement 1, at 3, Dkt. No. 1-1.) Under Agreement 1, Balboa is entitled to "declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by [Balboa]." (<u>Id.</u>) Therefore, on November 29, 2023, Montante breached Agreement 1 by failing to the payment due on that date. (Compl. ¶ 15.)

Balboa suffered damages amounting to $61,182.95 as a result of the breach. (<u>Id.</u> ¶ 19.) At the time Montante ceased payments on Agreement 1, it had a balance due of $60,869.90.[1] (<u>See id.</u> ¶ 16.) Balboa performed its obligations under the Agreement and, as a proximate result of Montante's breach, has been damaged. (<u>Id.</u> ¶ 17.) At the time of filing the Complaint, $313.05 in late charges were due, bringing the total to $61,182.95. (<u>Id.</u> ¶ 18.) Furthermore, Montante agreed to pay all expenses, including collection costs and attorneys' fees Balboa incurs in the enforcement of Agreement 1. (<u>Id.</u> ¶ 20) Agreement 1 also provides for Balboa to possess and sell Collateral 1 and apply the proceeds to the loan balance due. (<u>Id.</u> ¶ 21.)

    B.    *Agreement 2*

On or about March 31, 2021, Montante executed Equipment Finance Agreement No. 355015-001 ("Agreement 2"). (<u>Id.</u> ¶ 31.) Agreement 2 set forth a loan from Balboa to Montante of $64,200.00 to finance Collateral 2, with Montante to make "six monthly payments of $99.00, and sixty (60) monthly payments of $1,421.22, payable on the 14th day of each month, beginning June 14, 2021." (<u>Id.</u>) Concurrently with Agreement 2, Steven and Shelly signed a Personal Guaranty ("Guaranty 2"), which included their

---

[1] Although the Complaint does not explicitly state the remaining number of monthly payments, the Application for Default Judgment and Declaration of Don Ngo confirm the thirty-five monthly payments remaining from October 29, 2023. (Appl. at 2; Ngo Decl. ¶ 6, Dkt. No. 20-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00095-JVS-KES | Date | May 17, 2024 |
| Title | Ameris Bank v. Montante Plastic Surgery & Aesthetics, LLC et al. | | |

personal guarantee of the terms of Agreement 2.  (Id. ¶ 40.)

The last payment Balboa received from Montante for Agreement 2 was credited toward the payment due on November 14, 2023.  (Id. ¶ 32.)  Agreement 2 states that default occurs when Defendants "fail to pay any amount under this Agreement when due." (Compl., Ex. B, Agreement 2, at 3, Dkt. No. 1-1.)  Under Agreement 2, Balboa is entitled to "declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by [Balboa]."  (Id.) Therefore, on December 14, 2023, Montante breached Agreement 2 by failing to the payment due on that date.  (Compl. ¶ 32.)

Balboa suffered damages amounting to $49,998.52 as a result of the breach.  (Id. ¶ 36.)  At the time Montante ceased payments on Agreement 2, it had a balance due of $49,742.70.[2]  (See id. ¶ 33.)  Balboa performed its obligations under the Agreement and, as a proximate result of Montante's breach, has been damaged.  (Id. ¶ 34.)  At the time of filing the Complaint, $255.82 in late charges were due, bringing the total to $49,998.52. (Id. ¶ 35.)  Furthermore, Montante agreed to pay all expenses, including collection costs and attorneys' fees Balboa incurs in the enforcement of Agreement 2.  (Id. ¶ 37.) Agreement 2 also provides for Balboa to possess and sell Collateral 2 and apply the proceeds to the loan balance due.  (Id. ¶ 38.)

### C. Commencement of the Action and Subsequent Payments

Balboa served the Complaint on Defendants on January 25, 2024.  (Dkt. No. 10.) Montante did not respond and the Clerk of the Court entered default against it on March 7, 2024.  (Dkt. No. 13; Declaration of Jared T. Densen ("Densen Decl.") ¶ 3, Dkt. No. 16-2.)

Based on the 3% present-value formula, "Balboa calculated that the amount due totaled $58,813.38" for Agreement 1.  (Ngo Decl. ¶ 7.) After default and the commencement of this action, "Defendants made two (2) further monthly payment in full for November 29, 2023 and December 29, 2023" pursuant to Agreement 1.  (Id. ¶ 8.)

---

[2] The Application for Default Judgment and Declaration of Don Ngo confirm the thirty-five monthly payments remaining from November 14, 2023.  (Appl. at 3; Ngo Decl. ¶ 14, Dkt. No. 20-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00095-JVS-KES | Date | May 17, 2024 |
| Title | Ameris Bank v. Montante Plastic Surgery & Aesthetics, LLC et al. | | |

Accordingly, Balboa credited Defendants $3,478.28 and subtracted the total sought, bringing the amount to $55,335.10 owed under Agreement 1.

Applying the 3% discount to the sum due on Agreement 2, "Balboa calculated that the amount due totaled $48,062.11." (Id. at 15.) After default and the commencement of this action, "Defendants made one (1) further monthly payment in full for December 14, 2023 and one (1) partial for January 14, 2024 for $100.50," pursuant to Agreement 2. (Id. ¶ 16.) Accordingly, Balboa credited Defendants $1,521.72 and subtracted the total sought, bringing the amount to $46,540.39 owed under Agreement 2. (Id.)

No additional payments have been made under either Agreement 1 or 2. (Id.) Balboa now moves this Court to enter default judgment against Montante.

## II. LEGAL STANDARD

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

### A. Procedural Requirements

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure. Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint. Fed. R. Civ. P. 54(c). Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form. Fed. R. Civ. P. 55(a). Lastly, if a defaulting party has appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party. Fed. R. Civ. P. 55(b)(2).

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against who the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative", (4) whether the Servicemembers Civil Relief Act applies; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). L.R. 55-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00095-JVS-KES | Date | May 17, 2024 |
| Title | Ameris Bank v. Montante Plastic Surgery & Aesthetics, LLC et al. | | |

    B.    *Substantive Requirements*

    The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

    Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

    On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992).

### III. DISCUSSION

    A.    *Procedural Requirements for Default*

    Balboa has satisfied the procedural requirements for a default judgment against Defendants. The Application for Default Judgment requests monetary relief in the amount of $101,875.49, plus statutory prejudgment interest at 10% per annum from the date of breach for each respective agreement until the entry of judgment. (Appl. at 14.) This is consistent with the relief requested in the Complaint, as required by Rule 54(c). (Compl. ¶¶ 19, 36.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-00095-JVS-KES | Date | May 17, 2024 |
|---|---|---|---|
| Title | Ameris Bank v. Montante Plastic Surgery & Aesthetics, LLC et al. | | |

Balboa also satisfied Local Rule 55-1. The Densen Declaration accompanying the Application establishes that the clerk entered a default against Defendants on March 7, 2024, for failure to respond to Balboa's Complaint. (Densen Decl. ¶ 3, Dkt. No. 20-2.) The Declaration also confirms that Defendants are not infants or incompetent persons, and that the Servicemembers Civil Relief Act does not apply. (Id. ¶ 4.) Finally, although not required because Defendants have not appeared in this action, they were served with notice of Balboa's Application for Default Judgment pursuant to Local Rule 55-2. (Id. ¶14.)

   B.   *Substantive Requirements for Default*

Balboa has also satisfied the substantive requirements for default judgment. The Court will address each Eitel factor individually.

   1.   The Possibility of Prejudice to the Plaintiff

Under the first Eitel factor courts examine whether a plaintiff will experience prejudice if he does not receive a default judgment. Eitel, 782 F.2d at 1472. If, absent a default, a plaintiff has no remedy, then he will suffer prejudice. Philip Morris, 219 F.R.D. at 499; PepsiCo, 238 F. Supp. 2d at 1175.

The first Eitel factor favors default judgment because Defendants' lack of response precludes Balboa from attaining a judicial resolution to this dispute. Defendants failed to respond to the default issued by the clerk, or any of the papers associated with this Application. Without another recourse for recovery, Balboa will likely suffer great prejudice. Philip Morris, 219 F.R.D. at 499. Additionally, because, by defaulting, Defendants are deemed to have admitted the truth of Balboa's averments, the evidence before the Court established that Balboa will likely suffer prejudice through the loss of the money loaned to Defendants if default is not entered. Id. Thus, the Court finds that the first factor favors default judgment.

   2–3.   The Merits of Balboa's Substantive Claim and Sufficiency of the Complaint

The second and third Eitel factors consider the substantive merit of the plaintiff's claim and the sufficiency of the complaint. Eitel, 782 F.2d at 1471. Taken together, they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00095-JVS-KES | Date | May 17, 2024 |
| Title | Ameris Bank v. Montante Plastic Surgery & Aesthetics, LLC et al. | | |

"require that a plaintiff state a claim on which it may recover." Landstar Ranger, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (internal quotations omitted). To weigh these two factors, the Court must evaluate the merits of Balboa's claim against Montante.

Balboa sufficiently pleaded the required elements for breach of contract. The Agreements both contain choice of law provisions that dictate the agreements will be governed by the laws of California. (Ngo Decl., Ex. A, at 13, 20, 24, Dkt. No. 20-1.) The elements of a claim for breach of contract under California law are: (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant and (4) damage to plaintiff as a result of defendant's breach. Landstar Ranger, 725 F. Supp. 2d at 920.

Balboa alleges that it executed and delivered to Montante the Agreements, which required Balboa to lend Montante $142,640.00 ($78,440.00 under Agreement 1 and $64,200.00 under Agreement 2). (Compl. ¶¶ 14, 31.) Balboa performed when it loaned Montante the $142,640.00. (Id.) Montante breached Agreement 1 on November 29, 2023, after failing to make the required monthly payment of $1,739.14. (Id. ¶¶ 14–15.) Montante breached Agreement 2 on December 14, 2023, after failing to make the required monthly payment of $1,421.22. (Id. ¶¶ 31–32.) Following default, Steven and Shelly did not meet their obligations under Guaranty 1 and make the payments when Balboa demanded them. (Id. ¶¶ 25, 42.) As a proximate result of that breach, Balboa alleges it suffered damages in the total amount of $101,875.49 (after applying the 3% discount and credits for subsequent payments), plus interest at the rate of ten percent per annum from the date of breach for each respective agreement until the entry of judgment. (Id. ¶¶ 19, 36; Appl. at 13–14.)

Accordingly, the Court finds that Balboa has sufficiently stated a claim to recover for breach of contract against Defendants.

    4.    The Sum of Money at Issue

The fourth Eitel factor examines whether a sum of money at stake is proportionate to the defendant's conduct. Landstar Ranger, 725 F. Supp. 2d at 921. Balboa included sufficient documentation in its declarations related to this Application, including copies of the Agreements, to show damages totaling $101,875.49. (See Ngo Decl. ¶¶ 6–9,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00095-JVS-KES | Date | May 17, 2024 |
| Title | Ameris Bank v. Montante Plastic Surgery & Aesthetics, LLC et al. | | |

14–17; Ex. A, at 1; Ex. C at 1, Dkt. No. 20-1.)  Based on the evidence presented, the Court concludes that the damages Balboa seeks are consistent with the terms of the contract and are otherwise appropriate.  Accordingly, this factor weighs in favor of granting the Application.

### 5. The Possibility of a Dispute Regarding Material Facts

The fifth Eitel factor weighs in favor of default judgment because "[u]pon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." PepsiCo, 238 F. Supp. 2d at 1175.  The Court finds it unlikely that there would be a significant dispute of material fact.  Defendants have failed to appear in the action or contest the material facts alleged in Balboa's complaint.  See id.  Accordingly, this factor weighs in favor of entering default.

### 6. Whether the Default Was Due to Excusable Neglect

The sixth Eitel factor considers whether the default was due to excusable neglect.  Eitel, 782 F.2d at 1472.  The possibility of excusable neglect is remote when the defendant has been properly served or is aware of the lawsuit.  Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012).  Here, Defendants have not appeared in this action and have not responded to any of Balboa's communications or service.  This factor therefore weighs in favor of granting Balboa's Application.

### 7. The Strong Policy Favoring Decisions on the Merits

The final Eitel factor recognizes that "[c]ases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472.  Where a defendant fails to answer the complaint, however, a decision on the merits is "impractical, if not impossible." PepsiCo, 238 F. Supp. 2d at 1177.  As noted above, Defendants have failed to answer the complaint, despite Balboa's service of the summons and Complaint in person.  Accordingly, the Court finds that a decision on the merits in this case is "impractical, if not impossible," and the final factor weighs in favor of entering default in this case.  Id.

C.  *Remedies*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-00095-JVS-KES                    Date   May 17, 2024

Title   Ameris Bank v. Montante Plastic Surgery & Aesthetics, LLC et al.

Federal Rule of Civil Procedure 54(c) mandates that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Here, Balboa's requested categories of relief do not differ in kind from the relief requested in the Complaint. It seeks a total monetary remedy of $115,006.60, which comprises the principal owed, plus attorneys' fees, costs, and prejudgment interest. (Appl. at 22; see Compl. at 9.) Specifically, Balboa requests $101,875.49 in principal amount owed, $5,223.29 in prejudgment interest (as of the hearing scheduled for June 10, 2024), $7,205.82 in attorneys' fees, and $702.00 in costs. (Appl. at 22.)

    1.    <u>Damages</u>

Balboa has the burden of proving damages sought in the Complaint. See <u>PepsiCo</u>, 238 F. Supp. 2d at 1175. The court may hold an evidentiary hearing to determine the amount of damages. Fed. R. Civ. Proc. 55(b)(2)(B). Where "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits," a default judgment may be entered without a hearing. <u>Citizens Bus. Bank v. Vessel Bellezza</u>, No. 18-cv-02163, 2020 WL 7064247, at *3 (C.D. Cal. Oct. 27, 2020) (quoting <u>Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.</u>, 722 F.2d 1319, 1323 (7th Cir. 1983)); see also <u>Microsoft Corp. v. Nop</u>, 549 F. Supp. 2d 1233, 1235 (E.D. Cal. 2008) (same).

The Ngo Declaration provides evidence to support principal damages of $101,875.49. (<u>See</u> Ngo Decl. ¶¶ 9, 17.) Balboa also included a copy of the Agreements, which adequately support the above amount of principal damages. (Ngo Decl., Ex. A, at 1; Ex. C, at 1.) Therefore, the Court concludes that the amount of damages is ascertainable from the definite figures in the Agreements and that a hearing is not necessary. See <u>Citizens Bus. Bank</u>, 2020 WL 7064247, at *3; <u>Microsoft Corp.</u>, 549 F. Supp 2d at 1235.

Accordingly, the Court awards damages to Balboa in the amount of $101,875.49.

    2.    <u>Attorneys' Fees and Costs</u>

According to the Complaint and Ngo Declaration, under the terms of the Agreements, Defendants agreed to pay reasonable attorneys' fees incurred by Balboa in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00095-JVS-KES | Date | May 17, 2024 |
| Title | Ameris Bank v. Montante Plastic Surgery & Aesthetics, LLC et al. | | |

the enforcement of that agreement. (Compl. ¶¶ 20, 27, 37, 44; Densen Decl. ¶¶ 7, 10; Ngo Decl., Ex. A, at 3; Ex. C, at 3.) When a contract provides for the recovery of reasonable attorneys' fees, those fees shall be calculated in accordance with the schedule in Local Rule 55-3. L.R. 55-3. Under this schedule, awards of attorneys' fees are directly related to the amount of the judgment. Balboa used the schedule in Rule 55-3 to calculate its requested attorneys' $3,813.40 based on the Agreement 1 principal amount of $ 55,335.10 and fees of $3,392.42 based on the Agreement 2 principal amount of $46,540.39. (Densen Decl. ¶¶ 7, 10.)

Although the Court will award Balboa reasonable attorneys' fees pursuant to Local Rule 55-3, the Court's calculation differs from Balboa's. Balboa calculated its attorneys' fees separately for each of the two Agreements. (See id.) But Local Rule 55-3 states that the fee schedule "shall be applied to the amount of the judgment exclusive of costs." Therefore, the Court will calculate Balboa's attorneys' fees based on its total principal damages of $101,875.49. Based on that amount, Balboa is entitled to $5,600 plus two percent of the amount of damages over $100,000, per Local Rule 55-3's fee schedule. The amount of principal damages over $100,000 is $1,875.49. Two percent of this amount is $37.50. Thus, the Court awards Balboa $5,637.50 in reasonable attorneys' fees.

The Agreements also entitle Balboa to seek recovery of costs associated with enforcing them. (Ngo Decl., Ex. A, at 3; Ex. C, at 3.) As a result, Balboa requests $405.00 for its filing fee and $99.00 for service of process fees for Montante, $99.00 for service of process fees for Steven, and $99.00 for service of process fees for Shelly. (Densen Decl. ¶ 7.) The total of the fees Balboa incurred when enforcing the Agreement is $702.00. The Court finds the costs reasonable.

Accordingly, the Court awards Balboa attorneys' fees in the amount of $5,637.50 and costs in the amount of $702.00.

       3.     <u>Prejudgment Interest</u>

Balboa seeks a prejudgment finance charge of 10% per annum and accrued interest through and including the date of judgment. (Appl. at 13–14.) State law sets the rate of prejudgment interest in diversity actions, and federal law sets the rate of post-judgment interest. <u>Northrop Corp. v. Triad Int'l Mktg. Corp. S.A.</u>,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-00095-JVS-KES                                       Date   May 17, 2024

Title   Ameris Bank v. Montante Plastic Surgery & Aesthetics, LLC et al.

842 F.2d 1154, 1155 (9th Cir. 1988) (per curiam).  Under California law, "[a] person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day."  Cal. Civ. Code § 3287(a).  "Damages are deemed certain . . . within the provisions of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage."  Leff v. Gunter, 33 Cal. 3d 508, 519 (1983).  For contracts entered into after January 1, 1986, that do not stipulate a legal rate of interest, "the obligation shall bear interest at a rate of 10 percent per annum after a breach."  Cal. Civ. Code § 3289(b); Howard v. Am. Nat'l Fire Ins. Co., 187 Cal. App. 4th 498, 538 (2010).

   The Court concludes that the requisite level of certainty of damages was achieved and Balboa is entitled to prejudgment interest.  Defendants can determine the amount owed to Balboa based on the terms of the Agreements and the monthly payment structure designated therein.  (See Ngo Decl., Ex. A, at 1; Ex. C, at 1.)  Given Defendants' lack of response in this case, there is no evidence in front of the Court to create uncertainty over this amount.  See Watson Bowman Acme Corp. v. RGW Constr., Inc., 2 Cal. App. 5th 279, 302 (2016) (reasoning that conflicting evidence is needed to viably contradict an evidence-based assertion that there is not a dispute over the amounts owed) (citing Leff, 33 Cal. 3d at 520).  Therefore, the Court concludes that the amount of damages owed to Balboa is sufficiently certain for the purposes of § 3287(a).  Consequently, Balboa is entitled to prejudgment interest.

   Because Agreement 1 was executed on March 30, 2021, (Ngo Decl., Ex. A, at 1), and Agreement 2 was executed on March 31, 2021, (Ngo Decl., Ex. C, at 1), a rate of 10 percent per annum after breach applies, Cal. Civ. Code § 3289(b).  Accordingly, the Court awards prejudgment interest to Balboa at the rate of 10% per annum through and including the entry date of judgment based on the principal amount of $101,875.49.  This is the amount the Court will use in its calculations of the prejudgment interest on the entry date of judgment.  If that date is June 10, 2024, the proposed hearing date, prejudgment interest totals $5,223.29 ($2,941.04 for Agreement 1 plus $2,282.25 for Agreement 2).

**IV.  CONCLUSION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-00095-JVS-KES | Date | May 17, 2024 |
|---|---|---|---|
| Title | Ameris Bank v. Montante Plastic Surgery & Aesthetics, LLC et al. | | |

For the foregoing reasons, the Court **GRANTS** the Application for Default Judgment.

**IT IS SO ORDERED.**

The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, the Court **VACATES** the June 10, 2024, hearing.